GERALD KOBLUK
PAINE, HAMBLEN, COFFIN,
   BROOKE & MILLER LLP
717 West Sprague Avenue, Suite 1200
Spokane, Washington 99201-3505
(509) 455-6000 phone
(509) 838-0007 fax
Attorneys for Plaintiff

KIMBERLY A. MOTTLEY, ESQ.
PROSKAUER ROSE, LLP
One International Place, 14th Floor
Boston, MA  02110
(617)526-9616 phone
(617) 526-9899 fax
Attorneys for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

AUG 20 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **COMTECH AHA CORPORATION**<br><br>**Plaintiff,**<br><br>vs.<br><br>**EFFICIENT CHANNEL CODING, INCORPORATED**<br><br>**Defendant.** | No. **CV-04-0307-LRS**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Comtech AHA Corporation ("Comtech AHA"), by and through its undersigned counsel, for its Complaint against defendant Efficient Channel Coding, Inc. ("ECC"), alleges as follows:

## INTRODUCTION

1. This action arises out of ECC's breach of a June 30, 1997 Development and License Agreement between the parties (the "Agreement")

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 1

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

which, among other things, provides Comtech AHA with an exclusive license to sell hardware devices encompassing the licensed technology. ECC's actions have caused Comtech AHA harm and will continue to cause Comtech AHA harm if not stopped. Therefore, Comtech AHA seeks relief in the form of monetary damages, an injunction prohibiting ECC from continuing to breach the Agreement, and a declaration that ECC has violated a material provision of the Agreement, pursuant to which Comtech AHA will acquire exclusive rights to all the licensed technology.

## THE PARTIES

2. Comtech AHA is a Delaware Corporation with its principal place of business at 2345 NE Hopkins Court, Pullman, Washington 99163. In July 2002, Comtech Telecommunications Corporation acquired substantially all the assets of Advanced Hardware Architecture, Inc. ("AHA"), which was the original party to the Agreement, forming Comtech AHA as a wholly owned subsidiary of Comtech Telecommunications Corporation.

3. On information and belief, ECC is an Ohio Corporation with its principal place of business at 600 Safeguard Plaza, Suite 100, Brooklyn Heights, Ohio, 44131.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 2

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

## JURISDICTION AND VENUE

4. As both parties are residents of different states, and the plaintiff in good faith believes that the matter in controversy exceeds the sum or value of $75,000, diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

5. This district is the appropriate venue, pursuant to 28 U.S.C. §1391(a), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE DEVELOPMENT AND LICENSE AGREEMENT

6. On June 30, 1997, Advanced Hardware Architectures ("AHA") and ECC entered into a "Development and License Agreement" (the "Agreement").

7. The Agreement provided for a cooperative development of software and hardware associated with a Small Business Innovative Research grant with the United States Department of the Navy entitled "High Coding Gain, High Rate, Turbo Product Codes (TPCs) for Robust Direct Broadcast Satellite (DBS) Systems."

8. The technology that AHA and ECC agreed to develop was related to the processing and transmission of digital signals, such as radio signals, in a reliable manner. The technology increases the reliability of digital information that has been sent across a transmission channel to a receiver. The digital data is encoded, transmitted and decoded. At the receiver, a decoder is used to estimate the original message based on the received data.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 3

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

9. To further develop such technology, ECC licensed technology under the Agreement to AHA. The Licensed Technology is defined in paragraph 1.2 of the Agreement. Under the Agreement, the Licensed Technology included, among other things, the subject matter of U.S. Patent No. 5,930,272, entitled "Block Decoding With Soft Output Information," which was filed on June 10, 1997, and which issued on July 27, 1999, and a paper entitled "Technical Narrative of Turbo Product Codes and the Cyclic-2 PML Soft Input Soft Output Decoding Algorithm."

10. Additionally, the Licensed Technology included "*all improvements made during the term of this agreement.*"

11. Under the Agreement, AHA was to develop hardware for use with the methods for reliably encoding and decoding digital data that ECC had developed. Under the Agreement, AHA was to develop Licensed Products, *i.e.*, hardware or software products or product components that incorporate the Licensed Technology.

12. As part of the development, AHA received an *exclusive* license to commercially exploit "any hardware product incorporating any portion of the Licensed Technology."

13. Since it was originally signed by the parties, the Agreement has always been in effect and remains in effect today.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 4

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

14.     Comtech AHA currently holds AHA's rights and obligations under the Agreement. In July 2002, Comtech Telecommunications Corporation acquired substantially all the assets of AHA and the Agreement was assigned to Comtech AHA (a newly formed wholly owned subsidiary of Comtech Telecommunications Corporation) under the terms of sections 14.3 and 14.4 of the Agreement. ECC has never questioned the assignment of the Agreement from AHA to Comtech AHA.

15.     Pursuant to Section 8.1 of the Agreement, Comtech AHA "retains title to and ownership of all Intellectual Property Rights in *any enhancements or modifications* to the Licensed Technology, and future versions thereof."

16.     Similarly, in Section 5.1 of the Agreement, Comtech AHA holds an "*Exclusive* License for Hardware Products Incorporating Licensed Technology," and Comtech AHA retained a "world-wide, exclusive, irrevocable" license to use and "commercially exploit in any manner any hardware product incorporating any portion of the Licensed Technology."

17.     ECC's rights, on the other hand, were limited to non-exclusive rights for software incorporating the Licensed Technology, and even then, ECC only retained such non-exclusive rights for software running on "commercially available general-purpose computer processors or hardware."

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 5

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

## THE CURRENT DISPUTE BETWEEN THE PARTIES

*ECC's Sale Of The "Advanced Turbo Product Code*

*Intellectual Property Core"*

18. On information and belief, ECC has announced and has begun selling or offering to sell a product which it calls the "Advanced Turbo Product Code - Intellectual Property Core," or "ATPC-IP." ECC has published a "Product Brief" that describes the ATPC-IP. The Product Brief states that the ATPC-IP has a "Core" for utilizing "block codes," which include, among other hardware, a "TPC Encoder Core" and a "TPC Decoder Core." The ATPC-IP is described as targeted to, among other things, Field Programmable Gate Arrays ("FPGAs") and Application Specific Integrated Circuits ("ASICs").

19. On information and belief, ECC's ATPC-IP products include Licensed Technology and/or improvements, enhancements and/or modifications to the Licensed Technology.

20. Under the Agreement, ECC is not allowed to sell such products or devices, because Comtech AHA has an exclusive license to the field. The types of hardware devices that ECC advertises as being used in conjunction with its ATPC-IP products, *i.e.*, FPGAs and ASICs, are not "general purpose computer products or hardware" as provided in the Agreement. In fact, the Agreement explicitly calls out ASICs as devices that do not constitute "general purpose computer products or hardware."

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 6

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

21. On information and belief, ECC's ATPC-IP is a hardware product that utilizes a method of block code decoding which is within the exclusive scope to the Licensed Technology as defined in the Agreement. As a result, ECC has no right to sell the ATPC-IP Core product, or any product containing the ATPC-IP Core Product. ECC is in breach of the Agreement by selling and offering the ATPC-IP Core Product.

### *ECC's Resale Of Comtech AHA's AHA4540 Chip*

22. On information and belief, ECC has resold or distributed at least one product produced by Comtech AHA that includes licensed technology: the AHA4540 chip.

23. ECC obtains the AHA4540 chip from Comtech AHA at a preferred price pursuant to the Agreement. The Agreement provides that ECC may purchase the chip at the "lowest price" that Comtech AHA offers the chip to its customers.

24. ECC does not have any right to resell or distribute these products as stand-alone products. Nowhere does the Agreement explicitly provide that ECC may resell such products. ECC is specifically precluded from selling any hardware products such as the AHA4540 chip, which include Licensed Technology. Thus, ECC's sales of the AHA4540 chips violate the exclusive rights that ECC granted to Comtech AHA in the Agreement.

25. In addition, Comtech AHA's Standard Terms and Conditions prohibit resale of products except in limited circumstances, which do not apply here.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 7

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

### *The Effect Of The ECC's Breach Of The Agreement: Comtech AHA's Right To Terminate and Remedial Measures*

26.  Section 13.3 of the Agreement provides that Comtech AHA will have the right to immediately terminate the Agreement if ECC breaches any material obligation under the Agreement and fails to remedy such breach within 30 days after written notice of such breach is given by Comtech AHA.

27.  Comtech AHA sent a letter to ECC on June 30, 2004 that outlined ECC's breaches and demanded that ECC cease its breaches of the Agreement.

28.  ECC did not cure the breaches within thirty days, and Comtech AHA has commenced the present action to preserve and enforce its rights under the Agreement.

29.  Comtech AHA now has the right to immediately terminate the Agreement. Section 13.3 of the Agreement provides that Comtech AHA may immediately terminate the Agreement if ECC breaches any material obligation under the Agreement and ECC fails to remedy that breach within 30 days of written notice. Section 13.7 of the Agreement provides that "in the event that Comtech AHA terminates the Agreement due to the breach of ECC, Comtech AHA shall receive a world-wide, *exclusive*, irrevocable, transferable and fully paid up, royalty-free license to use in any manner…and otherwise commercially exploit in any manner *the Licensed Technology*."

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 8

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

30. Comtech AHA provided written notice to ECC of ECC's breaches of the Agreement, and ECC has failed to remedy its breaches within 30 days of that notice. Thus, Comtech AHA currently has the right to terminate the agreement.

31. Pursuant to the Agreement, if Comtech AHA does terminate the Agreement for cause, as it now has the right to do, it will receive an *exclusive* right to all the Licensed Technology, for both hardware and software products, and ECC will have to cease immediately all further "commercial exploitation" of the Licensed Technology.

### *ECC's Patent Application*

32. ECC has filed a patent application with the United States Patent and Trademark Office, Number US2002/0124223, entitled "Soft Input-Soft Output Forward Error Correction Decoding for Turbo Codes."

33. On information and belief, a patent (the "Patent") will issue soon based upon this application.

34. ECC has a fiduciary obligation to Comtech AHA to vigorously prosecute this patent at its own expense.

35. Under the Agreement, Comtech AHA has exclusive rights to the Patent, to the extent the Patent covers Licensed Technology as defined under the Agreement.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 9

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

36. On information and belief, ECC's ATPC-IP products are hardware that will infringe the Patent once issued.

## COUNT I

### (Breach of Contract)

37. The previous paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

38. ECC has breached the Agreement, continues to breach the agreement, and has not cured the breach within thirty days of written notice of the breach.

39. ECC's sale of its ATPC-IP products is a breach of a material obligation under the Agreement.

40. ECC's resale of Comtech AHA products is a breach of a material obligation under the Agreement.

41. ECC's breaches of the agreements have caused, and will continue to cause, harm to Comtech AHA. The harm to Comtech AHA is irreparable.

42. Comtech AHA has performed all of its obligations under the Agreement.

## COUNT II

### (For Equitable Relief In The Form Of A Declaration)

43. The previous paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 10

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

44. Under the Agreement, Comtech AHA has the right to terminate the Agreement for cause, if ECC breaches a material provision of the Agreement and does not cure the breach within 30 days after receiving written notice of the breach. Comtech AHA has provided written notice to ECC and ECC failed to remedy the breach within 30 days.

45. Comtech AHA seeks and is entitled to an equitable remedy in the form of a declaration from this Court that ECC has violated a material provision of the Agreement.

46. Comtech AHA seeks and is entitled to an equitable remedy in the form of a declaration from this Court that Comtech AHA has the right to terminate the Agreement for cause.

## COUNT III

**(For Equitable Relief In The Form Of An Injunction / Patent Infringement)**

47. The previous paragraphs of this Complaint are incorporated by reference as if fully set forth herein.

48. Under the Agreement, ECC is required to disclose all improvements to the Licensed Technology to Comtech AHA, and Comtech AHA has exclusive rights to those improvements. On information and belief, ECC has not disclosed all such improvements to Comtech AHA.

49. On information and belief, ECC's patent application entitled "Soft Input-Soft Output Forward Error Correction Decoding for Turbo Codes" is an

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 11

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

improvement to the Licensed Technology, and will issue soon as a valid United States patent.

50. Comtech AHA has the exclusive right to enforce the Patent, once issued.

51. On information and belief, ECC's ATPC-IP products are hardware that will infringe the Patent once issued.

WHEREFORE, Comtech AHA seeks entry of an Order of the Court:

    a. enjoining ECC: (1) from continuing to sell or otherwise commercially exploit its ATPC-IP products, or otherwise violating the Agreement; and (2) from continuing to sell or otherwise commercially exploit as stand alone products any Comtech AHA products that are provided to ECC pursuant to the Agreement;

    b. a declaration from this Court that ECC has breached a material obligation of the Agreement;

    c. a declaration from this Court that Comtech AHA has the right to terminate the Agreement for cause pursuant to paragraph 13.3 of the Agreement;

    d. issuing an affirmative injunction requiring ECC to complete prosecution of the Patent and to keep Comtech AHA informed at all stages regarding the prosecution of that Patent;

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 12

*PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP*
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000

e. amending Count III above to a count for patent infringement once the Patent issues;

f. issuing an injunction enjoining ECC from infringing the Patent once issued;

g. issuing an affirmative injunction, requiring that ECC inform Comtech AHA of any other improvements, enhancements or modifications to the Licensed Technology;

h. granting Comtech AHA damages in an amount to be determined at trial;

i. granting Comtech AHA its reasonable attorneys' fees and costs to the extent permitted by law; and

j. awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Comtech AHA demands a jury trial on all matters addressed in this Complaint.

PAINE, HAMBLEN, COFFIN,
BROOKE & MILLER LLP

By: /s/ Gerald Kobluk
GERALD KOBLUK
KIMBERLY A. MOTTLEY
ATTORNEYS FOR PLAINTIFF

COMPLAINT AND DEMAND FOR
JURY TRIAL - PAGE 13

PAINE, HAMBLEN, COFFIN, BROOKE & MILLER LLP
717 WEST SPRAGUE AVENUE, SUITE 1200
SPOKANE, WASHINGTON 99201-3505 PHONE (509) 455-6000